Rochelle N. Belnap
The Arizona Credit Law Group, PLLC
700 E Baseline Rd. Ste C-3
Tempe, AZ 85283
State Bar No. 029172
Fax: (480) 907-7126
rochelle@azclg.com
Tel: (480) 907-6088

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jennifer Beck,<br>          Plaintiff,<br>v.<br>JPMorgan Chase Bank, N.A., Equifax Information Services, L.L.C.; Experian Information Solutions, Inc., an Ohio corporation; & Trans Union, L.L.C., a Delaware limited liability company.<br>          Defendants. | No:<br>**COMPLAINT** |

COMES NOW the Plaintiff, Jennifer Beck, by and through undersigned counsel, for its claims against the Defendants, alleges as follows:

**THE PARTIES**

1. Plaintiff, Jennifer Beck, a married woman, is a resident of the State of Arizona and former owner of property located at 220 N. 22nd Place #1022, Mesa, AZ 85213, who held title as Jennifer L. Goad a single woman, herein the "Mesa Property".

2. Defendant, JPMorgan Chase Bank, N.A., herein "Chase," upon information and belief is a national bank, who serviced the mortgage for the Plaintiff's Mesa Property and is authorized to do business in Maricopa County, Arizona.

3. Defendants, Equifax Information Services, L.L.C., herein "Equifax," Experian

Information Solutions, Inc., herein "Experian," and Trans Union, L.L.C., herein "Trans Union," upon information and belief, are credit reporting agencies, herein "CRAs," as defined by the Fair Credit Reporting Act § 1681a, and furnish consumer credit reports, including credit information about the Plaintiff.

## PRELIMINARY STATEMENT

4. This is an action for actual, statutory, and punitive damages, costs and attorney's fees, including recovery for emotional distress and humiliation for False Reporting brought pursuant to 15 U.S.C. § 1681 et seq. (The Federal Fair Credit Reporting Act, herein the "FCRA").

5. In August 2014, Plaintiff obtained a copy of her credit report and discovered that Defendant Chase was reporting inaccurate information regarding her former second mortgage; specifically, Chase reported that Plaintiff owed an unpaid balance of $33,393 and reported the status of the account as an unpaid "charge off." These errors are herein referred to as the "Chase Misrepresentation." **Exhibit 1.**

6. The Chase Misrepresentation is inaccurate on its face, and as a result, Plaintiff contends Chase violated FCRA § 1681s-2(a).

7. In July 2005, Plaintiff purchased the Mesa Property using "80/20" mortgage financing through Defendant Chase. **Exhibit 2.**

8. Both mortgage loans are non-recourse debt pursuant to A.R.S. §§ 33-729, 33-814 because both loans were used to acquire the property and are considered "purchase money" loans.

9. Plaintiff has maintained excellent credit and is financially responsible, but when the mortgage rate adjusted on her first mortgage she was unable to continue making payments and lost the home to foreclosure; she has since expended great effort to improve her financial position and credit rating.

10. In April 2010, Plaintiff made her last payment to Chase on the second mortgage. **Exhibit 3.**

11. In February 2011, the property was sold through foreclosure. **Exhibit 4.**

Complaint- 2

12. Chase has no recourse against Plaintiff beyond the sale of the collateral.
13. Plaintiff is not personally liable for the debt or any resulting deficiency balance pursuant to A.R.S. §33-729, 33-814.
14. Pursuant to Chase's own written statements and admissions, Chase cannot legally sue the Plaintiff for any deficiency balance. **Exhibit 3.**
15. In or about August 2014, Plaintiff received communication from Real Time Resolutions, Inc., herein "Real Time," regarding the collection of the second mortgage.
16. In August 2014, Plaintiff obtained a copy of her credit report and discovered the Chase Misrepresentation.
17. In September 2014, Plaintiff, through undersigned counsel, contacted Real Time to cease collection attempts and Real Time agreed. **Exhibit 5.**
18. In September 2014, Plaintiff, through undersigned counsel, disputed the Chase Misrepresentation with Equifax, Experian, and Trans Union. **Exhibit 6.**
19. Defendants Equifax, Experian and Trans Union, herein collectively referred to as "Defendant CRAs," notified Chase of the dispute; and Plaintiff, through undersigned counsel, also notified Chase of the pending dispute. **Exhibit 7.**
20. Chase admitted the Plaintiff could not be sued for the debt but insisted the debt remained due and that Chase may continue to report the balance on Plaintiff's credit report. **Exhibit 8.**
21. Chase further admitted that Plaintiff is not personally liable for the debt and refused to correct the reporting. **Exhibit 9.**
22. Chase failed to conduct a reasonable investigation of the disputed information in violation of FCRA § 1681s-2(b).
23. Plaintiff received the results of the dispute with the Defendants Experian and Trans Union and requested a re-investigation, a copy of the ACDV including information regarding how the initial investigation was conducted, and a request to include the 100-word comment "no balance is due." **Exhibit 10.**

24. Defendant CRAs were provided with documentation proving Chase acknowledged that Plaintiff had no personal liability for the debt but failed to correct the reporting, provide Plaintiff with the ACDV, or include Plaintiff's comment "no balance due."

25. Defendants Equifax, Experian and Trans Union failed to conduct a reasonable investigation of the disputed information in violation of FCRA § 1681i(a)(1)(A) and failed to maintain or follow reasonable procedures to assure maximum possible accuracy in violation of FCRA § 1681e(b).

26. Defendants Equifax, Experian and Trans Union acted with malicious and evil intent in failing to correct the error and investigate the reporting.

27. Closed mortgage transactions where no balance is due are typically reported as closed with zero balance due, with a status of "paid", "charge-off," or "settled." **Exhibit 11.**

28. When a subscriber reports an account to the credit reporting agencies with an unpaid balance it represents to all viewing the consumer's credit report that a balance remains due, owing, and legally enforceable because the consumer is personally liable for the debt.

29. The subscriber is permitted to report information about the account for seven years pursuant to FCRA § 1681c.

30. Chase cannot a report a debt as due and owing by the Plaintiff when the Plaintiff definitively and admittedly has no personal liability for the debt.

31. Chase is not permitted to report the mortgage account with an unpaid balance.

32. Chase is permitted to report the account as a closed mortgage with a zero balance, and a status of "charge off" for seven years after the last payment was made to Chase.

33. Chase negligently failed to use reasonable procedures to investigate the Plaintiff's dispute of credit information in violation of FCRA 15 U.S.C. § 1681s-2(b).

34. Chase with malicious and evil intent continues to report this account with an unpaid balance to the Defendant CRAs while having actual knowledge that the Plaintiff is

not personally liable for the debt.

35. Chase with malicious and evil intent has failed to implement reasonable procedures to investigate disputes of credit information as required by the FCRA.

36. When Plaintiff discovered the Chase Misrepresentation on her credit report, she suffered significant stress, anxiety, and lost sleep.

37. Plaintiff was embarrassed when she saw the balance, and she believed that the debt was not due and has been forced to relive the traumatic experience of losing her home.

38. Plaintiff is experiencing actual financial harm as a result of the Chase Misrepresentation.

39. Plaintiff has been denied credit-based financing as a result of the Chase Misrepresentation.

## JURISDICTION

40. This Court has jurisdiction over this action under 15 U.S.C. § 1681(p). An action to enforce liability created under the Fair Credit Reporting Act may be brought in any court of competent jurisdiction within two years of the date of discovery of the violation by the Plaintiff or within five years after the date on which the violation occurs.

41. Venue is proper pursuant to 28 U.S.C. § 1391 because the claim of action arose in Maricopa County, Arizona. The note for the mortgage debt was executed in Maricopa County, Arizona. The subsequent reporting of credit information relating to said note gives rise to this cause of action subject to federal question jurisdiction, as well as diversity jurisdiction.

## FIRST CLAIM FOR RELIEF
## FALSE REPORTING

42. Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as fully set forth herein.

43. Defendant Chase violated FCRA 15 U.S.C. § 1681s-2(b) by failing to conduct a

reasonable investigation of Plaintiff's dispute of the Chase Misrepresentation with the Defendants Equifax, Experian, and Trans Union, failing to accurately respond to the Defendant CRAs notification of the dispute, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Chase Misrepresentation to the Defendant CRAs.

44. Defendants, Equifax, Experian, and Transunion violated FCRA 15 U.S.C. §§ 1681e(b), §1681i(a)(1)(A) by failing to investigate and respond in a timely manner to Plaintiff's dispute of the Chase Misrepresentation; and by failing to maintain reasonable procedures to assure maximum possible accuracy of information concerning the Chase Misrepresentation.

45. The actions of Defendants Chase, Equifax, Experian, and Trans Union were negligently noncompliant with the FCRA and Plaintiff is entitled to damages pursuant to FCRA 15 U.S.C. §§ 1681o.

46. The actions of Defendants Chase, Equifax, Experian, and Trans Union were willfully noncompliant with the FCRA and conducted with malicious and evil intent and Plaintiff is entitled to damages pursuant to FCRA 15 U.S.C. § 1681n.

47. As a result of this conduct, action, and inaction of all Defendants, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, actual out of pocket losses, and the mental and emotional pain, anguish, humiliation, and embarrassment.

48. The Defendants Chase, Equifax, Experian, and Trans Union conduct, action, and inaction render them liable for actual, statutory, and punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n, or in the alternative Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1681o.

49. Plaintiff is entitled to recover costs and attorney fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n, 1681o.

**WHEREFORE,** Plaintiff demands judgment for compensatory and punitive damages

against Defendant for no less than $250,000, for her attorney fees and costs, for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

DATED this 5th day of April, 2016.

                                              /s/ Rochelle N. Belnap

                                              Rochelle N. Belnap
                                              The Arizona Credit Law Group, PLLC
                                              700 E Baseline Rd Suite C-3
                                              Tempe, AZ 85283
                                              (480) 907-6088

                                              *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, the Complaint and Request for Waiver of Service was served this day on the below listed Defendants via U.S. Mail requesting waiver of service with proper postage.

/s/ Rochelle N Belnap
Rochelle N Belnap
The Arizona Credit Law Group, PLLC
700 E Baseline Rd Suite C-3
Tempe, AZ 85283
(480) 907-6088
*Attorney for Plaintiff*

CT Corporation System
3800 N. Central Ave.
Suite 460
Phoenix, AZ 85012
*Statutory Agent for Defendant JPMorgan Chase Bank, N.A.*

Corporation Service Company
2338 W. Royal Palm Rd.
Suite J
Phoenix, AZ 85201
*Statutory Agent for Defendant Equifax Information Services, L.L.C.*

CT Corporation System
3800 N. Central Ave.
Suite 460
Phoenix, AZ 85012
*Statutory Agent for Defendant Experian Information Solutions, Inc.*

Prentice-Hall Corp System
2338 W. Royal Palm Rd.
Suite J
Phoenix, AZ 85201
*Statutory Agent for Defendant Trans Union, L.L.C.*